UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Century Indemnity Company,<br><br>*Plaintiff*<br><br>v.<br><br>Official Committee of Unsecured Creditors et al.,<br><br>*Defendants* | Case No. 8:25-cv-01594 GTS<br><br>Bankruptcy Case No. 23-60507<br><br>Chapter 11 |

**APPELLANT'S EMERGENCY MOTION FOR A LIMITED STAY PENDING APPEAL**

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ..... 1

II. STATEMENT OF FACTS ..... 5

The Motion and October 21 Hearing ..... 5

The October 27 Order ..... 6

The Facts Concerning the Claims are Disputed and the Subject of an Adversary Proceeding Before the Bankruptcy Court ..... 7

Motion for a Stay Pending Appeal Before the Bankruptcy Court ..... 8

III. ARGUMENT ..... 9

1. There is "More than a Mere Possibility" that an Appeal will be Successful ..... 9

2. Century Will be Irreparably Injured Absent a Stay ..... 13

3. No Harm will Flow From A Narrowly Tailored Stay Pending Appeal ..... 16

4. The Public Interest Supports the Correct Application of the Law, Protecting the Integrity of the Proceedings and Avoiding the Appearance of Prejudice ..... 16

IV. CONCLUSION ..... 18

# TABLE OF AUTHORITIES

**Cases**

*AT&T v. Winback & Conserve Program, Inc.*,
42 F.3d 1423 (3d Cir. 1994)....................17

*Bush v. City of New York*,
2005 WL 2219309 (E.D.N.Y. Sep. 13, 2005)....................14

*Cont'l Oil Co. v. Frontier Ref. Co.*,
338 F.2d 780 (10th Cir. 1964) ....................18

*Edgar v. K.L. et al.*,
93 F.3d 256 (7th Cir. 1996) ....................12

*In re Actos Antitrust Litig.*,
2020 WL 8996696 (S.D.N.Y. Mar. 3, 2020) ....................12

*In re Int'l Bus. Machines Corp.*,
45 F.3d 641 (2d Cir. 1995)....................14

*In re Kensington Int'l Ltd.*,
368 F.3d 289 (3d Cir. 2004)....................15

*In re Los Angeles Dodgers LLC.*,
465 B.R. 18 (D. Del. 2011)....................18

*In re Megan-Racine Assocs., Inc.*,
1996 WL 167681(N.D.N.Y. Apr. 1, 1996) ....................18

*In re Motion for Recusal*,
2022 WL 18670259 (W.D. Wisc. Dec. 6, 2022) ....................12

*In re Revel AC, Inc.*,
802 F.3d 558 (3d Cir. 2015)....................17

*In re World Trade Ctr. Disaster Site Litig.*,
503 F.3d 167 (2d Cir. 2007)....................9

*Law v. Siegel*,
571 U.S. 415 (2014) ....................10

*Mohammed v. Reno*,
309 F.3d 95 (2d Cir. 2002)....................9

*S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*,
927 F.3d 763 (3d Cir. 2019).................... 12-13

**Statutes**

11 U.S.C. § 105....................10

N.Y. Comp. Codes R. & Regs. tit. 22, § 100. ....................14

**Other Authorities**

James J. Alfini et al., *Judicial Conduct and Ethics* § 5.03 (6th Ed. 2025)....................14

*Black's Legal Dictionary* ("Ex Parte")....................14

C.J.S. *Criminal Procedure and Rights of Accused* § 2269. ....................7

Code of Conduct for U.S. Judges Canon 3 § A(4) (2019)....................14

Fed. R. Bankr. P. 5001(b)....................2, 6

Fed. R. Bankr. P. 8007.................... 1, 18

Fed. R. Bankr. P. 9014....................9

Fed. R. Bankr. P. 9017....................9

Fed. R. Evid. 611(b)....................9

Fed. R. Evid. 1101(a)....................9

*Victim impact statement*, 6 Crim. Proc. § 26.5(d) (4th ed.)....................7

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century") hereby submits, pursuant to Federal Rules of Bankruptcy Procedure 8007 and 8013, this emergency motion[1] for a stay pending appeal limited to the October 27, 2025 order authorizing claimant fact witnesses to present fact statements, off the record and without cross examination or comment to the judge who serves as fact finder or, in the alternative, a bridge order granting a stay pending this Court's review of this application for a stay because the off-the-record proceedings are presently scheduled to begin on December 1, 2025 (the "Order").[2]

## I. PRELIMINARY STATEMENT

1. On October 27, 2025, the Bankruptcy Court issued an Order allowing claimants who are fact witnesses to present the facts of their cases to the judge who presides as a fact finder in the bankruptcy case, off the record, with cross-examination or comment from any party prohibited and admissions of fact immunized from application of the Federal Rules of Evidence.

2. The Bankruptcy Court held that claimants may "be heard on any issue" and asserted that a judge may "speak privately with the parties to a suit." Dkt. No.

---

[1] The accompanying Affidavit of Michael Klotz dated November 19, 2025, provides the information required under Federal Rule of Bankruptcy Procedure 8013(d) for an emergency motion.

[2] *See In re Diocese of Ogdensburg,* No. 23-60507 (Bankr. N.D.N.Y) (the "Bankruptcy Case"), Dkt. No. 1102 (Ex. 1). All docket references herein refer to this proceeding unless otherwise indicated.

1102 at 5-6. Under Federal Rule of Bankruptcy Procedure 5001(b), all hearings must be "held in open court" but the Bankruptcy Court reasoned that a claimant presenting the facts of his or her case off the record to the judge without cross or comment by any party is like an "in chambers" hearing. *Id*. at 5-7.

3. The Bankruptcy Court recognized that the integrity of the proceeding may be impaired if the relief requested was granted but dismissed the risk to the integrity of the proceedings and impartiality of the factfinder as "substantially outweighed by the significant benefits" of allowing claimants to describe their experiences which will "provide some measure of validation, healing and empowerment." *Id*. at 10.

4. The implementation of the Order will irreparably harm Century by tainting the integrity of the bankruptcy proceeding as the judge is charged with sitting as finder of fact on a host of issues directly impacting Century ranging from claim objections, adjudication of the adversary proceeding about coverage for the claims, and assessment of the factors required to confirm a plan of reorganization under Section 1129 of the Bankruptcy Code.

5. There is no legal authority allowing off-the-record hearings about the facts in a bankruptcy proceeding especially before the factual issues in a case are resolved. In the proceedings below the Bankruptcy Court did not cite, and the movant for the relief requested was unable to identify, any District Court or United

States Court of Appeals that has authorized claimants to present statements of fact to a judge who sits as finder of fact in a bankruptcy, off the record and without cross or comment by other parties and the statements themselves immunized from application of the Federal Rules of Evidence.

6. Among the few bankruptcy courts to have addressed the issue there is a split with the courts that presided over the *Purdue, Archdiocese of New Orleans* and *Archbishop of Agaña* bankruptcies rejecting this type of hearing before confirmation of a plan of reorganization as premature, improper and prejudicial. Two members of Congress have drafted a bill to amend the Bankruptcy Code to allow such statements. The fact that this bill has been proposed demonstrates that some members of Congress believe that a pre-plan factual statement hearing is not authorized under existing law.

7. While the Bankruptcy Court may be well intentioned, a judge may not "speak privately with the parties to a suit" and certainly may not invite statements of fact from multiple fact witnesses about their claims, off the record, and with any comment or cross-examination barred. The Federal Rules of Bankruptcy Procedure govern the presentation of factual statements to a bankruptcy court and embed in them procedural protections fundamental to due process. Under binding Circuit precedent, Section 105 of the Bankruptcy Court may not be used to override these protections. The court below erred in doing so.

8. The Bankruptcy Court also misapplied the applicable legal standard in dismissing the impact of the Order on the integrity of the proceedings which is whether there will be an appearance of partiality. By design, the proceeding authorized by the Order is a one-sided presentation of hotly disputed facts with the goal of influencing the Bankruptcy Judge as finder of fact. The Court mistakenly applied a balancing test to reach this conclusion.

9. An emergency stay pending appeal of the Order or, at a minimum, a bridge order granting a stay pending this Court's review of this application for a stay, is necessary because the off the record proceedings are presently scheduled to begin on **December 1, 2025.** Century consents to an expedited schedule for briefing of the merits of this appeal. Briefing could be completed and a hearing on the merits held in January 2026.

10. A plan of reorganization has not been filed yet alone drafted and no date is set for one to be filed. Nothing is on calendar between now and January 30, 2026. No harm will flow from allowing a short time for appellate review. On the other hand, Century will be irreparably prejudiced by the finder of fact being presented with 20 fact witnesses off the record with cross or comment barred.

## II. STATEMENT OF FACTS

### *The Motion and October 21 Hearing*

11. On September 26, 2025, the Official Committee of Unsecured Creditors filed the Motion seeking entry of an order allowing individuals who have asserted abuse claims in the bankruptcy against the Debtor to make statements to the judge overseeing the bankruptcy about the facts of their cases and their views about the resolution of the Bankruptcy Case with their statements "not to be transcribed" and no one "allowed to comment or respond to the statements."[3] No evidence was offered in support of the relief requested by the Motion.[4]

12. At the hearing on the Motion on October 21, 2025, Committee counsel represented that up to 20 people will make statements about the facts of their cases, and counsel for claimants represented that the statements about the "survivors' factual experience" would be "more real than anything."[5] The Committee requested that the bankruptcy court schedule the hearing the first week of December.

13. A plan of reorganization has not been filed, a disclosure statement hearing has not been scheduled, and no deadline has been set for a plan to be filed.

---

[3] Dkt. No. 1050 ¶¶ 11, 15.

[4] *Id.*

[5] Dkt. No. 1120-2 (Tr. of Oct. 21, 2025, Hearing) at 53:10-16.

***The October 27 Order***

14. On October 27, 2025, the Bankruptcy Court issued its Order granting the Motion and scheduling an off the record hearing beginning December 1, 2025.[6] The court held that claimants may "be heard on any issue" and reasoned that a judge may "speak privately with the parties to a suit."[7] Under Federal Rule of Bankruptcy Procedure 5001(b), all trials and hearings must be "held in open court" but the Bankruptcy Court reasoned that a claimant presenting the facts of his or her case off the record to the judge without cross or comment by any party is like an "in chambers" hearing.[8]

15. The Bankruptcy Court did not hold that the integrity of the proceeding would be unaffected if the relief requested was granted. Rather, the court found that the risk to the integrity of the proceedings is "substantially outweighed by the significant benefits" of allowing claimants to describe their experiences which will "provide some measure of validation, healing and empowerment."[9]

16. "Victim Impact Statement" hearings are exclusively a creature of criminal law where they are only permitted to be given ***after*** an adjudication of guilt

[6] Dkt. 1102 (Ex. 1). The claimant hearing is scheduled on Judge Radel's public calendar to begin on December 1, 2025, at 10:00 a.m. *See* http://ecf.nynb.uscourts.gov/ipc.html.
[7] *Id*. at 6-7.
[8] *Id*. at 5-7.
[9] *Id*. at 10.

of the criminal defendant and, even then a judge is required to "exclude statements that are too prejudicial."[10]

***The Facts Concerning the Claims are Disputed and the Subject of an Adversary Proceeding Before the Bankruptcy Court***

17. Many of the proofs of claim in this proceeding are not signed by the claimants but instead by lawyers or others without personal knowledge of the facts. *See, e.g.,* Proof of Claim No. CC096 at Part 3 (signed by counsel); Proof of Claim No. CC065 at p. 1 (signed by counsel).[11] No claimant has received a judgment or verdict. No claimant has produced any documents in the bankruptcy, been deposed or interviewed or provided anything beyond the unverified proofs of claim and complaints.

18. The facts concerning the claims are disputed.[12] An adversary proceeding initiated by the Debtor against Appellant and others is pending in the Bankruptcy Case over responsibility for the claims but it is stayed while mediation

[10] *Victim impact statement*, 6 Crim. Proc. § 26.5(d) (4th ed.) (citing 21 U.S.C.A. § 848(j)) (victim impact statements may be considered "during the sentencing stage"); *see also* C.J.S. *Criminal Procedure and Rights of Accused* § 2269 (A victim impact statement will be excluded when it would "render[] the proceeding fundamentally unfair" or where "its probative value is substantially outweighed by the danger of unfair prejudice.").

[11] For instance, Proof of Claim No. CC096 alleges abuse by a current high-ranking cleric but the claimant declined to be interviewed. *See, e.g.,* DOO_CVA00053231.

[12] On July 17, 2023, the Debtor filed its bankruptcy petition, in the Bankruptcy Court for the Northern District of New York, commencing this case. Dkt. No. 1. On October 19, 2023, the Court issued an order establishing a bar date for submitting proofs of claim. Dkt. No. 203. Approximately 130 individuals filed proofs of claim alleging that they were sexually abused by clerics associated with the Debtor. Dkt. No. 69, Adversary Proceeding 23-80013-6.

proceeds.[13] Among other things, the adversary proceeding involves disputes over the abuse that is alleged, the identity of the perpetrators of the abuse, and whether the Debtor had the ability to control their conduct. The terms of a plan of reorganization and the treatment of claims are disputed.

***Motion for a Stay Pending Appeal Before the Bankruptcy Court***

19. Appellant sought a stay pending appeal at the October 21 hearing to allow appellate review of the Order.[14]

20. In the Order, the Bankruptcy Court denied Century's request for a stay pending appeal and ordered Century to file a standalone motion to stay if it sought that relief.[15] Century did so.

21. On November 17, 2025, the Court denied the motion to stay[16] without citing any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or any other statutory authority authorizing what is contemplated by the Order. The Bankruptcy Judge brushed aside concerns that his hearing the fact statements of claimants presented without cross or comment will create an appearance of partiality without citing any decision by any District Court or Court of Appeals permitting this sort of thing.

---

[13] Dkt. No. 69, Adversary Proceeding 23-80013-6.

[14] Dkt. No. 1083 (Century Objection to Committee's Motion for Entry of an Order Permitting Nontestimonial Survivor Statements); Dkt. No. 1120-2 at 46:5-6.

[15] Dkt. No. 1102 (Ex. 1) at 11 n.2.

[16] Dkt. No. 1139 (Ex. 2) at 2.

## III. ARGUMENT

22. Appellant requests that the Court enter a limited stay pending appeal of the Order to determine whether the relief that it provides is legally available and, if it is, whether safeguards are necessary to protect the integrity of the bankruptcy proceeding. All of the factors applicable to granting a stay are satisfied. *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

### 1. There is "More than a Mere Possibility" that an Appeal will be Successful

23. A likelihood of success on the merits does not require a party to show that there is a "probability of success," but only that success is realistically "possible." *Mohammed v. Reno*, 309 F.3d 95, 100-102 (2d Cir. 2002).

24. Neither the Order nor the decision denying Century's motion to stay cites any decision by a United States District Court or United States Court of Appeals allowing "victim statements" to be given to a finder of fact prior to adjudication of liability or guilt or the completion of a confirmation hearing.[17] The Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence govern the presentation of fact statements by fact witnesses in bankruptcy proceedings. *See* Fed. R. Bankr. P. 9014; Fed. R. Bankr. P. 9017; Fed. R. Evid. 611(b); Fed. R. Evid. 1101(a). None of these procedural rules authorizes the relief provided by the Order.

[17] Dkt. Nos. 1102 (Ex. 1), 1139 (Ex. 2).

25. Section 105 cannot be used to override the Rules of Bankruptcy Procedure and Evidence or to create substantive rights, *i.e.,* immunity from use of a statement or admission of fact and prohibition of cross examination or comment. *E.g. Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (cleaned up) ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.")

26. The rulings in the *Archdiocese of New Orleans*, *Archdiocese of Agaña* and *Purdue* bankruptcies demonstrate that, at a minimum, there is a split of views among bankruptcy courts on the propriety of holding "claimant statement" hearings before confirmation of a plan of reorganization.[18] In *Archdiocese of New Orleans,* Judge Grabill denied a motion to allow "victim statements" after briefing and argument on the issue, finding that it was procedurally improper to offer unsworn statements and that such testimony could taint the court as the finder of fact.[19] While the motion to allow victim statements was brought by a large group of claimants with the written support of the committee in that case rather than the committee as the initial movant, the identity of the movant was not the reason the motion was

[18] *See In re Archdiocese of New Orleans*, Case No. 20-10846 (E.D. La. 2020); *In re Archbishop of Agaña*, Case No. 19-00010 (Bankr. D. Guam 2019); *In re Purdue Pharma L.P.*, Case No. 19-23649 (Bankr. S.D.N.Y. 2019).

[19] Dkt. No. 1083-3 at 56:25-57:4.

denied.[20] Judge Grabill held that: "I'm more concerned with . . . ***the intent to persuade the factfinder, to persuade me*** . . . ."[21]

27. The decision by Judge Drain in Purdue is consistent with Judge Grabill's decision in the *Archdiocese of New Orleans*. In *Purdue*, Judge Drain conducted a claimant statement hearing only after confirming the plan of reorganization.[22] Other aspects of the *Purdue* hearing further differentiate it from the relief requested here. The *Purdue* hearing was transcribed, and the transcript is publicly available.[23] Judge Drain identified each witness on the record by name.[24] The speakers were selected with input from a variety of stakeholders.[25]

28. Likewise, in *Archbishop of Agaña*, claimants were only heard during the Chapter 11 plan confirmation hearings and after substantially all objections were resolved.[26]

---

[20] Dkt. No. 1083-7.

[21] Dkt. No. 1083-3 at 56:25-57:4 (emphasis added).

[22] *Compare* Findings of Fact, Conclusions Of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. And Its Affiliated Debtors, Case No. 19-23649 (Bankr. S.D.N.Y. Sept. 17, 2021) [Dkt. No. 3787] (confirming Purdue Pharma L.P.'s Chapter 11 plan on September 17, 2021) *with* Notice of Hearing, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 7, 2022) [Dkt. No. 4430] (noticing "Victim Statement Portion of the Settlement Hearing" for March 10, 2022).

[23] Transcript Regarding Hearing Held on 3/10/2022, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 17, 2022) [Dkt. No. 4539].

[24] *Id*. at 8:4-5 ("It's fine, Your Honor, for you to call their names as they go.").

[25] *Id*. at 9:23-10:8.

[26] *See* Transcript of Proceedings: Continued Confirmation on Fifth Amended Joint Plan of Reorganization, *In re Archbishop of Agaña*, Case No. 19-00010 (Bankr. D. Guam Oct. 4, 2022) [Dkt. No. 1092, at 23:3-25:17] (sworn testimony of committee chairman).

29. A hearing in which a judge speaks off the record with the parties on only one side of the case is entirely out of the ordinary in federal court and threatens at a minimum to give the appearance of influencing the factfinder by presenting a single vantage point for the facts. It is well settled that "[o]ff-the-record briefings in chambers" create an appearance of prejudice because they "leave no trace in the record" and "[w]hat information passed to the judge, and how reliable it may have been, are . . . unknowable." *Edgar v. K.L. et al.*, 93 F.3d 256, 259 (7th Cir. 1996) (issuing writ of mandamus requiring recusal of judge who engaged in ex parte communications); *In re: Motion for Recusal*, 2022 WL 18670259 at *2 (W.D. Wisc. Dec., 6, 2022) (ordering recusal of judge who "probably acquired some non-public knowledge of disputed facts that would be potentially material to the pending cases"). It is completely improper for the Court to hear fact statements from only side of a case without context and with any cross-examination or commentary prohibited.

30. Where no binding authority supports the relief requested, and where existing legal authority does not authorize the requested relief, there is "more than a mere possibility" that an appeal will be successful. *In re Actos Antitrust Litig.*, 2020 WL 8996696, at *2 (S.D.N.Y. Mar. 3, 2020); *see also In re Diocese of Camden, New Jersey,* No. 20-21257 (Bankr. D. N.J. Mar. 28, 2024) Dkt. No. 3715 (granting extended stay of confirmation order); *S.S. Body Armor I., Inc. v. Carter Ledyard &*

*Milburn LLP*, 927 F.3d 763, 772 (3d Cir. 2019) (the likelihood of success must be "significantly better than negligible" but need not be "more likely than not" or "greater than 50%").

31. Moreover, the Bankruptcy Court's decision rests on a fundamental error of law: it addressed whether the Bankruptcy Court would, as a matter of fact, be sufficiently biased that it would be unable to be impartial, rather than whether the claimant hearing will create an appearance that the Court is not impartial.[27]

### 2. Century Will be Irreparably Injured Absent a Stay

32. Century will be grossly and irreparably prejudiced by the finder of fact being potentially presented with 20 fact witnesses off the record with any cross or comment about what is presented barred. A one-sided off the record presentation limited to what just one side elects to present, without allowing cross or comment, is designed to prejudice Century.

33. Even if the judge contends that he can remain impartial, implementation of the Order will further create the appearance that the factfinder has been influenced by claimants' factual statements presented off the record and without any party having the ability to comment in any way. The Rules of Conduct for United States Judges direct that a judge should "not initiate, permit, or consider ex parte

[27] Dkt. No. 1139 (Ex. 2) at 3.

communications."[28] The rule is designed to prevent all of the evils of ex parte communications: "bias, prejudice, coercion, and exploitation." James J. Alfini et al., *Judicial Conduct and Ethics* § 5.03 (6th Ed. 2025).[29]

34. It does not matter whether or not a jurist will be able to remain partial, but instead whether "a reasonable observer would question the Judge's impartiality on the pending issue." *In re Int'l Bus. Machines Corp.*, 45 F.3d 641, 644 (2d Cir. 1995) (granting writ of mandamus requiring recusal); *see also Bush v. City of New York,* 2005 WL 2219309 at *9 (E.D.N.Y. Sep. 13, 2005) (granting recusal motion due to single ex parte communication between witness and judge). Even where it can be "assume[d] that the Judge's subjective disposition is one of impartiality" his "subjective state of mind" is irrelevant to the "objective standard" of whether the public might question it. *In re Int'l Bus. Machines Corp.*, 45 F.3d at 644.

35. The Bankruptcy Court brushed aside the impact on the appearance of the court's continued impartiality by reasoning erroneously that such concerns are

[28] Code of Conduct for U.S. Judges Canon 3 § A(4) (2019). The New York Code of Judicial Conduct likewise prohibits a judge from "initat[ing], permit[ting], or consider[ing] *ex parte* communications" except for in very limited circumstances. N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3.

[29] An "*ex parte*" action is one that is "[d]one or made at the instance and for the ***benefit of one party only***, and ***without notice to, or argument by***, anyone having an adverse interest." *Black's Law Dictionary* (12th ed. 2024) ("Ex Parte") (emphasis added). The requested nontestimonial hearing is by definition *ex parte* because only the claimants are given the benefit of being able to speak, and all other parties "shall [not] be. . .allowed to comment or respond to the statements." Dkt. No. 1050 ¶ 15. In addition, the parties lack notice of who will be speaking at the hearing and the Committee submits that "[w]e inevitably have one or two people who show up who weren't on the list originally," but will then testify that day without prior notice. Dkt. No. 1083-4 at 20:12-14.

outweighed by the benefit derived by claimants. However, the applicable legal standard does not apply a balancing test.

36. Allowing claimants to present the facts of their cases off the record without comment or cross will open the door to litigation as to whether the judge's impartiality might reasonably be questioned which benefits no one. *See, e.g., In re Kensington Int'l Ltd.*, 368 F.3d 289, 294 (3d Cir. 2004) ("[A] reasonable person, knowing all of the relevant circumstances, would conclude that Judge Wolin's impartiality might reasonably be questioned in the Owens Corning, W.R. Grace & Co. and USG Corp. bankruptcies.").

37. The Bankruptcy Judge is charged with presiding over claims objections,[30] motions to settle claims,[31] motions to grant stay relief to the claims, the adversary proceeding concerning coverage for claims,[32] assessment of the multiple elements of Bankruitpcy Code Section 1129 concerning a plan that addresses the allowance of claim and a host of other issues related to claims all of which the judge

[30] Bankruptcy judges are routinely asked to address motions to disallow claims. *See, e.g., In re Diocese of Rockville Centre,* No. 20-12345 (Bankr. S.D.N.Y. July 20, 2023) [Dkt. No. 2339] ("Memorandum Opinion and Order Sustaining the Debtor's Fifteenth Omnibus Objection to Claims"); *In re Diocese of Buffalo*, No. 20-10322 (Bankr. W.D.N.Y. Feb. 18, 2025) [Dkt. No. 3634] ("Order Disallowing and Expunging Claim Nos. 957, 959, 963, 966, 968, 970, 972, 976, 979 & 982").

[31] For instance, in the *Diocese of Albany* bankrutpcy, this same Bankrupty Judge is asked to determine the reasonableness of the settlement of an abuse claim in that case. *See In re Diocese of Albany*, No. 23-10244 (Bankr. N.D.N.Y. Oct. 20, 2025) [Dkt. No. 2261] (requesting that Court review and consider the reasonableness of settlement amount for individual claim).

[32] *See* Complaint, The Roman Catholic Diocese of Ogdensburg, New York v. Certain Underwriters at Lloyd's, London et al., Adv. Proc. No. 23-80013-6, Doc. No. 1, at ¶¶ 119-148 (Bankr. N.D.N.Y.).

as factfinder will have been influenced by if he has has overseen an off the record hearing limited to claimant statements.

**3. No Harm will Flow From A Narrowly Tailored Stay Pending Appeal**

38. While the Committee has not shown that there is any legally cognizable harm to holding the claimant presentations after a confirmation hearing, any alleged harm associated with delaying the statements is outweighed by the harm to all other parties-in-interest by the taint to the integrity of these proceedings that will flow from allowing claimant statements while all other parties are muzzled. *See In re Megan-Racine Assocs., Inc.*, 1996 WL 167681 at *6 (N.D.N.Y. Apr. 1, 1996).

39. No evidentiary showing was made in the proceedings below why the Claiment Statement hearing should occur beginning December 1, 2025 rather than at a later date. And the Committee refused proposals that addressed its stated goal while minimizing the impact on the integrity of this proceeding including the appointment of another judge or magistrate to preside over a survior statement hearing.[33]

**4. The Public Interest Supports the Correct Application of the Law, Protecting the Integrity of the Proceedings and Avoiding the Appearance of Prejudice**

[33] Dkt. No. 1083 ¶ 4.

40. A stay benefits the public interest because it "strongly favors the correct application of the Bankruptcy Code, especially where property rights are at stake." *In re Revel AC, Inc.*, 802 F.3d 558, 573 (3d Cir. 2015) (reversing district court's denial of stay). No District Court or Court of Appeals has ruled on the legal issue addressed in the Order. Century has cited to Bankruptcy Rules and Rules of Evidence that do not authorize the relief granted in the Order. *See supra* ¶ 24.

41. The public interest is clearly served by answering a legal question of first impression that will recur in other diocesean bankruptcy cases. Even if that were not the case, where "a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff." *See AT&T v. Winback & Conserve Program, Inc.,* 42 F.3d 1421, 1427 n.8 (3d Cir. 1994).

42. This issue impacts the integrity of this and other bankruptcy proceedings, and Century has the standing to raise it. *See In re Congoleum*, 426 F.3d 675, 685-687 (3d Cir. 2005) (finding that insuers have standing on "an issue based on procedural due process concerns that implicate the integrity of the bankruptcy court proceeding as a whole").[34]

[34] There is no factual or legal basis impose a bond and this Court should exercise its "wide discretion" not to do so. *Cont'l Oil Co. v. Frontier Ref. Co.*, 338 F.2d 780, 782 (10th Cir. 1964); *see also* Fed. R. Bankr. P. 8007(c) (court "may condition relief on filing a bond"); *In re Los Angeles Dodgers LLC*, 465 B.R. 18, 37–38 (D. Del. 2011).

## IV. CONCLUSION

For the reasons stated above, Century respectfully requests that the Court grant this emergency motion and enter a limited stay of the Order, or in the alternative enter a bridge order granting a stay pending this Court's review of this application for a stay because the off-the-record proceedings are presently scheduled to begin on December 1, 2025.

Dated: November 19, 2025

Respectfully submitted,

By: /s/ Tancred Schiavoni

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone: (973) 210-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America*

`

**CERTIFICATE OF COMPLIANCE**

This motion complies with Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because it contains 4,421 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g), and complies with Local Rule 81.2(d) because it does not exceed twenty-five pages in length.

The motion also complies with Federal Rule of Bankruptcy Procedure 8013(f)(2) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.