UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Century Indemnity Company,<br><br>    *Plaintiff*<br><br>       v.<br><br>Official Committee of Unsecured Creditors et al.,<br>    *Defendants* | Case No. 8:25-cv-01594<br><br>Bankruptcy Case No. 23-60507<br><br>Chapter 11 |

## APPELLANT'S REPLY IN FURTHER SUPPORT OF EMERGENCY MOTION FOR A LIMITED STAY PENDING APPEAL

In the *Andrew v. White*, 604 U.S. 86, 92-93 (2025), the United States Supreme Court held that while there is not a *per se* bar to allowing a victim of a crime testify in the penalty phase of a criminal case, all constitutional protections apply if a victim does give a statement.

Constitutional protections require a record of the proceedings, and the opportunity to elicit facts and comment. *See, e.g., U.S. v. Rodriguez*, 581 F.3d 775, 797 (8th Cir. 2009) ("victim impact testimony . . . limited . . .to factual statements subject to cross-examination"). While this is not a criminal proceeding, the same constitutional protections apply here.

In bankruptcy proceedings, the Federal Rules of Bankruptcy Procedure and the Federal Rules of Evidence govern the presentation of fact statements by witnesses to the facts. *See* Fed. R. Bankr. P. 9014; Fed. R. Bankr. P. 9017; Fed. R.

Evid. 611(b); Fed. R. Evid. 1101(a). These protections require a record of the proceedings, and offering the opportunity to others to elicit facts and comment.

Section 105 cannot be used to override the Rules of Bankruptcy Procedure, Rules of Evidence or to eliminate substantive rights, *i.e.,* immunity from use of a statement or admission of fact and prohibition of cross-examination or comment. *E.g. Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (cleaned up) ("It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.").

The off-the-record hearing contemplated by the Order here is contrary to law. The rulings in the *Archdiocese of New Orleans*, *Archdiocese of Agaña* and *Purdue* bankruptcies do not turn on what impact such an off-the-record hearing may have on the solicitation of a plan of reorganization, but rather the impact that allowing claimants to address the fact finder prior to confirmation of a plan has on the integrity of the proceeding.[1]

In *Archdiocese of New Orleans,* Judge Grabill denied a motion to allow "victim statements" after briefing and argument on the issue, finding that it was procedurally improper to offer unsworn statements and that such testimony could

---

[1] *See In re Archdiocese of New Orleans*, Case No. 20-10846 (E.D. La. 2020); *In re Archbishop of Agaña*, Case No. 19-00010 (Bankr. D. Guam 2019); *In re Purdue Pharma L.P.*, Case No. 19-23649 (Bankr. S.D.N.Y. 2019).

taint the court as the finder of fact.[2]  While the motion to allow victim statements was brought by a large group of claimants with the written support of the committee in that case rather than the committee as the initial movant, the identity of the movant was not the reason the motion was denied.[3]  Judge Grabill held that: "I'm more concerned with . . . **_the intent to persuade the factfinder, to persuade me_** . . . ."[4]

The decision by Judge Drain in *Purdue* is consistent with Judge Grabill's decision in the *Archdiocese of New Orleans*.  In *Purdue*, Judge Drain conducted a claimant statement hearing only after confirming the plan of reorganization.[5]  Other aspects of the *Purdue* hearing further differentiate it from the relief requested here.  The *Purdue* hearing was transcribed, and the transcript is publicly available.[6]  Judge Drain identified each witness on the record by name.[7]  Likewise,

---

[2] *In re Diocese of Ogdensburg*, No. 23-60507 (Bankr. N.D.N.Y) (the "Bankruptcy Case"), Dkt. No. 1083-3 at 56:25-57:4.  All docket references herein refer to the Bankruptcy Case unless otherwise indicated.

[3] Dkt. No. 1083-7.

[4] Dkt. No. 1083-3 at 56:25-57:4 (emphasis added).

[5] *Compare* Findings of Fact, Conclusions Of Law, And Order Confirming The Twelfth Amended Joint Chapter 11 Plan of Reorganization of Purdue Pharma L.P. And Its Affiliated Debtors, Case No. 19-23649 (Bankr. S.D.N.Y. Sept. 17, 2021) [Dkt. No. 3787]  (confirming Purdue Pharma L.P.'s Chapter 11 plan on September 17, 2021) *with* Notice of Hearing, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 7, 2022) [Dkt. No. 4430] (noticing "Victim Statement Portion of the Settlement Hearing" for March 10, 2022).

[6] Transcript Regarding Hearing Held on 3/10/2022, Case No. 19-23649 (Bankr. S.D.N.Y. Mar. 17, 2022) [Dkt. No. 4539].

[7] *Id*. at 8:4-5 ("It's fine, Your Honor, for you to call their names as they go.").

in *Archbishop of Agaña*, claimants were only heard during the Chapter 11 plan confirmation hearings and after substantially all objections were resolved.[8]

A hearing in which a judge speaks off the record with the parties on only one side of the case gives the appearance of influencing the factfinder by presenting a single vantage point for the facts. "Off-the-record briefings in chambers" create an appearance of prejudice because they "leave no trace in the record" and "[w]hat information passed to the judge, and how reliable it may have been, are . . . unknowable." *Edgar v. K.L. et al.*, 93 F.3d 256, 259 (7th Cir. 1996) (issuing writ of mandamus requiring recusal of judge who engaged in ex parte communications); *In re: Motion for Recusal*, 2022 WL 18670259 at *2 (W.D. Wisc. Dec. 6, 2022) (ordering recusal of judge who "probably acquired some non-public knowledge of disputed facts that would be potentially material to the pending cases").

Where an order is contrary to legal authority, and the court below can point to no clear authority supporting the relief requested, there is "more than a mere possibility" that an appeal will be successful. *In re Actos Antitrust Litig.*, 2020 WL 8996696, at *2 (S.D.N.Y. Mar. 3, 2020); *see also In re Diocese of Camden, New*

---

[8] *See* Transcript of Proceedings: Continued Confirmation on Fifth Amended Joint Plan of Reorganization, *In re Archbishop of Agaña*, Case No. 19-00010 (Bankr. D. Guam Oct. 4, 2022) [Dkt. No. 1092, at 23:3-25:17] (sworn testimony of committee chairman).

*Jersey,* No. 20-21257 (Bankr. D. N.J. Mar. 28, 2024) Dkt. No. 3715 (granting extended stay of confirmation order); *S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 772 (3d Cir. 2019) (the likelihood of success must be "significantly better than negligible" but need not be "more likely than not" or "greater than 50%").

For the reasons stated above, Century respectfully requests that the Court grant this emergency motion and enter a limited stay of the Order, or in the alternative enter a bridge order granting a stay pending this Court's review of this application for a stay because the off-the-record proceedings are presently scheduled to begin on December 1, 2025.

Dated:  November 26, 2025

Respectfully submitted,

By:  */s/ Tancred Schiavoni*

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone:  (212) 326-2000
Email:        tschiavoni@omm.com
                   mklotz@omm.com

**CLYDE & CO US LLP**
MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:  (973) 210-6700
Email: Marianne.May@clydeco.us

*Attorneys for Century Indemnity*
*Company, as successor to CCI*
*Insurance Company, as successor to*
*Insurance Company of North America*

`

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Bankruptcy Procedure 8013(f)(3)(A) because it contains 1.050 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g), and complies with Local Rule 81.2(d) because it does not exceed twenty-five pages in length.

The motion also complies with Federal Rule of Bankruptcy Procedure 8013(f)(2) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.