UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CENTURY INDEMNITY COMPANY,

                Appellant,

       -v-                                                            8:25-CV-1594 (AJB)

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS *et al.*,

                Appellees.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER DENYING STAY PENDING APPEAL

Appellant Century Indemnity Company ("appellant") has moved for an emergency stay pending appeal of the bankruptcy court's October 27, 2025 Order granting a motion by appellee Official Committee of Unsecured Creditors ("appellee") that permitted non-testimonial "survivor statements" from sexual abuse claimants in the bankruptcy case below.[1]  Dkt. No. 3.  The matter was initially assigned to Senior U.S. District Judge Glenn T. Suddaby, but has been reassigned to this Court for all further proceedings.  Dkt. No. 4.  Appellee opposes the request for a stay.  Dkt. No. 5.  Appellant has replied.  Dkt. No. 6.

Federal Rule of Bankruptcy Procedure 8007 governs motions to stay pending appeal of a bankruptcy court's order.  Although there is a narrow exception for situations in which it "would be impracticable," FED. R. BANKR. P. 8007(b)(2)(A), the Rule requires an appellant to seek relief from the bankruptcy court before moving the district court for a stay.  FED. R. BANKR. P. 8007(a), (b)(2)(B).  The Second Circuit has outlined a four-factor test for determining whether to grant a

---

[1] The notice of appeal names other appellants, but they have not participated in the briefing.  *See* Dkt. No. 1.

motion to stay pending appeal: (1) whether the applicant has made a strong[2] showing that he is likely to succeed on the merits; (2) whether the applicant will be "irreparably injured" absent a stay; (3) whether a stay will "substantially injure" the other parties interested in the proceeding; and (4) where the public interest lies.  *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Appellant moved for relief in the bankruptcy court in accordance with Rule 8007(a).  The bankruptcy court carefully analyzed this four-factor test and denied relief.  Ex. 2 to Klotz Decl., Dkt. No. 3-3 at 3–5.[3]  Briefly stated, the bankruptcy court concluded that: (1) appellant failed to show a likelihood of success on the merits of the appeal, since the October 27, 2025 Order was consistent with applicable case law, "including decisions of other bankruptcy courts across the country and across the Northern District of New York"; (2) appellant failed to show irreparable harm, since the "only arguable prejudice" it had identified was the "speculative" possibility that the bankruptcy court might be biased by listening to the statements; (3) interested parties to the bankruptcy proceeding would be substantially harmed by a stay, since "allowing the statements will enhance the claimants' engagement with, and confidence in, the bankruptcy process, thereby increasing the likelihood of their support for the consensual plan of reorganization/compensation the parties are working to achieve through mediation"; and, lastly, (4) the public interest lies with permitting the non-testimonial statements "without undue delay."  *Id*.

Federal district courts enjoy original jurisdiction over proceedings under the Bankruptcy Code, 28 U.S.C. § 1334, but ordinarily refer those cases to the bankruptcy judges, who act as the

---

[2]  The precise formulation of this factor of the test has shifted over time.  *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d at 170 n.1 (citing *Mohammed v. Reno*, 304 F.3d 95, 100–01 (2d Cir. 2002)); *see also Hirschfield v. Bd. of Elec.*, 984 F.2d 35, 39 (2d Cir. 1993) (characterizing this factor as "a substantial possibility, although less than a likelihood of success").  The important thing to note is that the factors are somewhat flexible, with a strong showing made on one factor excusing a weaker showing as to another.  *See Mohammed*, 309 F.3d at 101.

[3]  Pagination corresponds to CM/ECF headers.

subject matter experts. 28 U.S.C. § 157(a). This judicial district is no exception. N.D.N.Y. L.R. 81.1. Under this arrangement, the district courts have jurisdiction to hear appeals from the "final judgments, orders, and decrees" of the bankruptcy court.[4] 28 U.S.C. § 158(a)(1). "Generally[,] in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'n, Inc.*, 691 F.3d 476, 482–83 (2d Cir. 2012) (citing FED. R. BANKR. P. 8013).

Measured against these general legal standards, appellant's motion for a stay pending its appeal will be denied. Where, as here, a matter is within the discretion of the bankruptcy court, the district court generally reviews the decision for an "abuse of discretion." *Cap. Commc'n v. Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997); *In re Regan*, 2022 WL 1775713, *3 (N.D.N.Y. June 1, 2022) (Sannes, J.) (applying this standard of review to bankruptcy court's denial of stay pending appeal). "A party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n*, 44 F.3d 1082, 1084 (2d Cir. 1995).

Appellant has not carried this burden. In an attempt to establish error in the challenged Order, appellant's motion to stay works overtime to distinguish the procedural postures in which other bankruptcy courts (in this jurisdiction and others) have permitted the same (or substantially similar) non-testimonial statements. Briefly stated, appellant contends there is "a split of views among bankruptcy courts" on the issue of whether, and if so, at what point in the proceedings, to hold these hearings. Dkt. No. 3 ¶ 26.

---

[4] Alternatively, the district courts may grant leave to appeal "from interlocutory orders and decrees" issued by the bankruptcy court. 28 U.S.C. § 158(a)(3). Appellant contends that its appeal of the bankruptcy court's October 27, 2025 Order is proper under either provision, but has sought leave to appeal to the extent it might be necessary to do so. Dkt. No. 2 ¶ 5. Appellee has not squarely addressed this argument, since its brief is focused on the propriety of the stay request. *See* Dkt. No. 5. Accordingly, the Court reserves decision on this issue pending further briefing, to the extent it might become warranted.

But as appellee points out, appellant's argument hardly establishes that there is a "split" of views on these statements. Dkt. No. 5 ¶ 17. The fact that another bankruptcy court presiding over another bankruptcy case involving another diocese has elected to permit these statements at another juncture in the bankruptcy proceedings, perhaps using a different procedure—one that appellant might believe to be preferable—does not justify a stay.

Appellant's argument on this claimed split leans heavily on a clipped quotation from U.S. Bankruptcy Judge Meredith S. Grabill, who is presiding over a diocesan bankruptcy case in the Eastern District of Louisiana. *See* Dkt. No. 3 ¶ 26 ("I'm more concerned with . . . the intent to persuade the factfinder, to persuade me . . . ." (emphasis omitted)); Dkt. No. 6 at 2–3 (quoting same). But considered in context, the selected quote loses a bit of its punch:

> But I'm more concerned with, you know, the intent to persuade the factfinder, to persuade me **outside of, outside of any context where it would have real effect or meaning or purpose** without the other, you know, litigation safeguards that come with, you know, an evidentiary hearing or a trial.

*In re The Roman Catholic Diocese of Ogdensburg, New York*, No. 23-60507-6-PGR, Dkt. No. 1083-2 at 5–6 (N.D.N.Y. Bankr. Oct. 14, 2025) (emphasis added). Further, although only a short excerpt of the transcript of the proceedings before Judge Grabill is available, a review of the rest of that document confirms that the bankruptcy court was "onboard" with providing "a forum for those who want to speak," albeit in a different procedural posture. *Id*. at 5–7.

Even assuming that Judge Grabill's observations were somehow enough to establish a "split" of views, the Court would reject the notion that a mere split of bankruptcy authority is anywhere near enough to justify a stay of the October 27, 2025 Order. That is particularly so where, as here, an independent review of the four-factor test leads to the conclusion that a stay would be unwarranted.

For one thing, appellant's claim of irreparable injury is speculative, resting on counsel's subjective belief that hearing the non-testimonial statements will create bias or the appearance of bias that might result in the bankruptcy court's impartiality being called into question at a later date. Not so. And certainly not *necessarily* so for the purpose of this stay. "Courts are perfectly capable of assessing facts and the law notwithstanding the sympathetic or unsympathetic nature of a particular litigant." Dkt. No. 5 ¶ 20. As the bankruptcy court observed, "any concern about potential prejudice . . . is speculative and, should it arise, can be raised by a concerned party via a recusal request as to the matter in question." Ex. 1 to Klotz Decl., Dkt. No. 3-2 at 11.

For another, appellant all but ignores the fact that a stay would substantially injure other interested parties: the survivors themselves, some of whom have waited a good long time for the chance to be heard on the most sensitive of topics. The bankruptcy court reasonably concluded that these non-testimonial statements were likely to "increase the prospects for a consensual and expeditious resolution in this case." Ex. 1 at 12; Dkt. No. 5 ¶ 24 (emphasizing that debtor will almost certainly need non-debtor releases to secure plan confirmation). Indeed, the bankruptcy court's October 27, 2025 Order thoughtfully balances a fairly challenging set of considerations while staying mindful of its own role in the bankruptcy process. *In re Roman Catholic Diocese of Ogdensburg, New York*, 2025 WL 3007785 (N.D.N.Y. Bankr. Oct. 27, 2025).

One more thing. Appellant acknowledges—as it must—that the other bankruptcy courts presiding over their own diocesan bankruptcy cases seem to have permitted these statements in some form or another. So appellant's emergency stay petition boils down to the assertion that there is something *particularly* erroneous about the choice made here. The Court does not find this argument persuasive, not even a little bit. Instead, the Court agrees with appellee's view:

> Non-testimonial statements are merely statements. The survivors are not serving as fact witnesses in the proceeding. No [s]urvivor

> statement may be used for any purpose because it will not be recorded. Every substantive right for every party with respect to any factual testimony at a later point is preserved. No survivor is required to make a statement. If a survivor later testifies as to the specific facts of their case, the survivor may be cross-examined.

Dkt. No. 5 ¶ 18.

In sum, after carefully reviewing the bankruptcy court's analysis in the challenged Order and examining appellant's arguments to the contrary, the Court concludes that the application of the four-factor test does not warrant a stay in this scenario. Accordingly, appellant's motion for a stay pending appeal must be denied.

Therefore, it is

ORDERED that

1. Appellant's emergency motion to stay (Dkt. No. 3) is DENIED.

IT IS SO ORDERED.

Dated: November 26, 2025
       Utica, New York

Anthony J. Brindisi
U.S. District Judge