**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 25-cv-01594-AJB |
| The Roman Catholic Diocese of Ogdensburg, New York, | Bankruptcy Case No. 23-60507 (PGR) |
| Debtor. | Chapter 11 |
| Century Indemnity Co., Appellant | |
| v. | |
| Official Committee of Unsecured Creditors, *et al.*, Appellees. | |

## JOINT STATUS REPORT

Appellant Century Indemnity Company and Appellee The Official Committee of Unsecured Creditors hereby submit this Joint Status Report, each by and through their respective counsel, pursuant to the Court's Docket Order of February 10, 2026.  Dkt. No. 17.  Although filed as a joint report, the parties do not endorse each other's positions:

## APPELLANT'S POSITION

1.     On October 27, 2025, the Bankruptcy Court issued the Bankruptcy Court Order authorizing an off-the-record hearing allowing claimants to "be heard on any issue" reasoning that a judge may "speak privately with the parties to a suit."[1]  The Order prohibited response or comment by anyone.  Under Federal Rule of Bankruptcy Procedure 5001(b), all trials and hearings must be "held in open court," but the Bankruptcy Court reasoned that a claimant presenting the facts of his or her case off

---

[1] Dkt. No. 3-2 at 6-7.

1

the record to the judge without cross or comment by any party is like an "in chambers" hearing.[2]  The Bankruptcy Court did not hold that the integrity of the proceeding would be unaffected if the relief requested was granted.  Rather, the Court found that the risk to the integrity of the proceedings is "outweighed by the benefits" of allowing claimants "some measure of validation and empowerment."[3]

2.      Century timely filed a notice of appeal of the Order and separately appealed the Bankruptcy Court's denial of a stay and moved for stay pending appeal.  On November 26, 2025, this Court denied a stay of the Order authorizing the off-the-record proceedings on Monday, December 1, 2025.   Century subsequently withdrew the appeal of the denial of a stay given the Bankruptcy Court's decision to go ahead with the December 1 proceeding, but maintains its separate appeal of the substantive merits of the Bankruptcy Court Order.

3.      This Court has jurisdiction to hear the merits of the appeal of the Bankruptcy Court Order, and the legal issues that it addresses are not moot.  A legal issue is not moot when, as here, "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again."  *Van Wie v. Pataki*, 267 F.3d 109, 113-14 (2d Cir. 2001) (internal quotation marks omitted); *see also* 16 *C.J.S. Constitutional Law* § 223 ("A constitutional issue may be determined . . . with respect to a particular litigant if it is one of public importance . . . and is capable of repetition yet evading review.").

4.      Both of these elements are readily satisfied here.  First, the short time frame between when a claimant hearing is authorized and when it occurs makes it impossible to get a ruling from this Court before a hearing happens.  On October 27, 2025, the bankruptcy court authorized a claimant

---

[2] *Id*. at 5-7.

[3] *Id*. at 10.

hearing for December 1, 2025, and on November 17, 2025—*two weeks* before the hearing—denied Century's motion for a stay pending appeal.  Century then appealed that ruling to this court and sought an emergency stay, and the request for an emergency stay was denied on November 26, 2025—*five days* before the hearing, and without enough time to obtain a ruling from the Second Circuit.  It is difficult if not impossible for a litigant to appeal from the bankruptcy court to obtain a ruling on whether an off-the-record claimant hearing is constitutionally permissible before it takes place.

5.     Second, the Order's prohibition on any party including Century from responding or commenting on any of the statements offered by claimants and their lawyers at the December 1 proceeding, and the evidentiary bar on admissions made during the December 1 hearing, has a continuing impact on the bankruptcy case below.  Further, the Bankruptcy Court's ruling that a judge can "speak privately with the parties to a suit"[4] gives rise to a "reasonable expectation" that further off-the-record proceedings will occur either in this proceeding or in another case diocesan sexual abuse bankruptcy where Century is a party.  Counsel for the Committee has declined to provide assurance in this case that it will not schedule another claimant hearing, and there is a reasonable expectation that this may occur and/or a claimant hearing will be held in another diocesan bankruptcy involving Century.

6.     The Second Circuit's decision in *Montano v. Lefkowitz*, 575 F.2d 378 (2d Cir. 1978) establishes that this appeal is not moot because it raises constitutional issues that are likely to recur, and to evade review, unless they are addressed here.  In *Montano*, voters in a congressional district sued to challenge the legal process for nominating Congressional candidates in a special election.  *Id*. at 380-81. The voters sued approximately one month before the special election was scheduled to be held seeking a preliminary injunction, and the district court denied their request for injunctive relief.  *Id*. at 381. Despite an expedited appeal, this Court did not hear their case until *ten days after* the special election

---

[4] *Id*. at 6-7.

had already taken place and a new member of Congress had been elected. *Id*. at 381-82. The Court observed that the legal issue was potentially moot because a reversal of the district court's decision denying a preliminary injunction "would accomplish nothing" given that the new Congressman had already been seated. *Id*. at 382. But because "[s]pecial elections for Congress will recur" in the future, the Court concluded that the appeal was not moot because "the very speed with which such elections must be conducted makes the problem of constitutional defects in nomination procedures peculiarly one 'capable of repetition, yet evading review.'" *Id*.

7.      The constitutional merits issues in this case are significant, and as in *Montano* the short time period between when a claimant hearing is authorized and when it occurs makes it very difficult if not impossible to obtain a ruling from this Court on the "problem of constitutional defects" other than *after* a given hearing has taken place. "Victim Impact Statement" hearings are exclusively a creature of criminal law where they are only permitted to be given after an adjudication of guilt of the criminal defendant and subject to all constitutional protections. *Andrew v. White*, 604 U.S. 86, 92-93 (2025) (observing that the constitutional "protection" of due process applies to a claimant victim statement). The right to a written record of the proceeding and to cross-examine witnesses are fundamental to due process. *See, e.g., U.S. v. Rodriguez*, 581 F.3d 775, 797 (8th Cir. 2009) ("victim impact testimony . . . limited . . .to factual statements subject to cross-examination"). In criminal cases, such statements are made on the record so that a review of the transcript can determine whether a statement was unduly prejudicial and thereby violated due process.

8.      A hearing in which a judge speaks off the record with the parties on only one side of the case must be subject to review because the nature of this hearing gives the appearance of influencing the factfinder by presenting a single vantage point for the facts. This "[o]ff-the-record briefing[]" creates an appearance of prejudice because it "leave[s] no trace in the record" and "[w]hat information passed to

the judge, and how reliable it may have been, are . . . unknowable." *Edgar v. K.L. et al.*, 93 F.3d 256, 259 (7th Cir. 1996) (issuing writ of mandamus requiring recusal of judge who engaged in ex parte communications); *In re Motion for Recusal*, 2022 WL 18670259 at *2 (W.D. Wisc. Dec. 6, 2022) (ordering recusal of judge who "probably acquired some non-public knowledge of disputed facts that would be potentially material to the pending cases").

9.    This case presents constitutional issues of first impression that are likely to recur, and when that happens there will be insufficient time to obtain a ruling from this Court before the claimant hearing occurs. This Court should address the legal issues presented by this appeal now.

10.    For these reasons, Century respectfully requests that the Court set a briefing schedule on the merits of this appeal.

## APPELLEE'S POSITION

1.    Appellee's position, as set forth in its letter to the Court dated February 15, 2026 [Doc. No. 14] is that the appeal to this Court should be dismissed as moot. Appellant appealed from an Order of the United States Bankruptcy Court for the Northern District of New York that authorizing survivors of childhood sexual abuse to make non-testimonial statements to the Bankruptcy Court about their claims (the "Bankruptcy Court Order"). [Doc. No. 3, Ex. 1] That conference was held on December 1, 2025 (the "December 1 Conference").

2.    Century appealed the Bankruptcy Court Order and moved before this Court for a stay pending appeal. The Court denied that Motion. Century subsequently moved for a stay pending appeal before the Second Circuit Court of Appeals. The Second Circuit declined to rule on that motion before the December 1 Conference. As such, the Bankruptcy Court held the December 1 Conference. Notwithstanding the fact that the December Conference was held, Century elected to pursue its motion for a stay pending appeal of an event that could not be stayed because it had already

occurred.  However, on the eve of a hearing on that motion before the Second Circuit, at Century's request, the parties stipulated to dismissal of the appeal to the Second Circuit.

3.     While there have been no appellate briefs filed before this Court on the underlying issue, in denying Century's motion for a stay pending appeal this Court applied a four-factor test that included an analysis of whether Appellant could show a likelihood of success on the merits.  *See Order Denying Stay Pending Appeal* [Doc. No. 8], p 2.  Clearly the Court concluded that Appellant had little chance of success on the merits.  Moreover, the conference that Century opposed -- and sought to stay -- has already concluded and the Committee does not anticipate another conference.  As such, the appeal is moot.

4.     To the extent the Court determines to consider the underlying merits of the appeal, Appellee respectfully requests that the Court grant Appellee no less than 30 days to respond to Appellant's brief on the merits.

Dated:  New York, New York
        February 17, 2026

O'MELVENY & MYERS LLP

/s/ *Tancred Schiavoni*
TANCRED V. SCHIAVONI
MICHAEL M. KLOTZ
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone:     (212) 326-2000
Email:    tschiavoni@omm.com
           mklotz@omm.com

CLYDE & CO US LLP

MARIANNE MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07960
Telephone:     (973) 210-6700
Email:  Marianne.May@clydeco.us

*Attorneys for Century Indemnity Company, as*
*successor to CCI Insurance Company, as successor*
*to Insurance Company of North America*

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
1700 Broadway, 36th Floor
New York, NY  10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
Email: jstang@pszjlaw.com
Email: ischarf@pszjlaw.com
Email: kdine@pszjlaw.com

*Counsel for Appellee Official Committee*
*of Unsecured Creditors of The Roman Catholic Diocese*
*of Ogdensburg, New York*

7